AN INQUIRY HAS BEEN MADE OF THIS OFFICE AS TO WHETHER IT IS LEGALLY PERMISSIBLE FOR THE ACTING DIRECTOR"OF THE AD VALOREM DIVISION OF THE TAX COMMISSION TO SERVE AS A MEMBER OF THE AD VALOREM TASK FORCE.
68 O.S. 2946.1 CREATES AND AD VALOREM DIVISION WITHIN THE TAX COMMISSION. THE STATUTE PROVIDES THAT THE DIVISION SHALL BE ADMINISTERED BY A DIRECTOR AND REQUIRES THE FOLLOWING QUALIFICATIONS FOR THE POSITION:
A) CITIZEN OF THE UNITED STATES,
B) AT LEAST 30 YEARS OF AGE,
 C) THREE (3) YEARS EXPERIENCE IN AD VALOREM ASSESSMENT ADMINISTRATION, AND
 D) POSSESSES A PROFESSIONAL APPRAISER DESIGNATION FROM AT LEAST ONE OF EIGHT IDENTIFIED ALTERNATIVE APPRAISER ORGANIZATIONS.
THE DIVISION HAS BEEN DELEGATED NUMEROUS STATUTORY DUTIES RELATIVE TO PROPERTY TAX ASSESSMENTS, INCLUDING THE PROMULGATION OF RULES AND REGULATIONS. FURTHER, 68 O.S. 2946.1 CREATES AN AD VALOREM TASK FORCE CONSISTING OF ELEVEN STATE OFFICERS AND APPOINTEES. THE DIRECTOR OF THE AD VALOREM DIVISION IS A MEMBER OF THE TASK FORCE PURSUANT TO THE STATUTE. IT SHOULD BE NOTED THAT OF THE ELEVEN MEMBER TASK FORCE THE LEGISLATURE HAS PROVIDED THAT THE DIRECTOR OF THE AD VALOREM DIVISION AND THREE OTHER APPOINTEES, FOR A TOTAL OF FOUR (4) MEMBERS, POSSESS A PROFESSIONAL APPRAISERS DESIGNATION FROM ANY OF EIGHT LISTED APPRAISING ORGANIZATIONS. FROM THIS, ONE COULD CONCLUDE THAT THE LEGISLATURE INTENDS THAT SUCH PROFESSIONAL EXPERTISE BE AVAILABLE ON THE TASK FORCE.
FROM THE INFORMATION YOU PROVIDED, IT IS MY UNDERSTANDING THAT THE TAX COMMISSION HAS APPOINTED AN ACTING DIRECTOR OF THE AD VALOREM DIVISION, AND THAT THE HOLDER MAY NOT POSSESS AN OFFICIAL PROFESSIONAL APPRAISER DESIGNATION AS REQUIRED BY THE STATUTE.
A SEARCH HAS BEEN MADE AS TO THE STATUS GIVEN IN OKLAHOMA TO ACTING APPOINTMENTS. I HAVE FOUND NO OKLAHOMA STATUTE OR CASE WHICH CLEARLY DEFINES THIS STATUS. GENERALLY, THE AUTHORITY TO ACT FLOWS TO AN AGENT OR EMPLOYEE FROM THE OFFICIAL MAKING THE APPOINTMENT. HERE THE POSITION IS CREATED BY STATUTE, AND THE LEGISLATURE PROVIDES THAT THE DIVISION IS TO BE WITHIN THE TAX COMMISSION. IT APPEARS THAT THE INTENT OF THE LEGISLATURE IS THAT THE TAX COMMISSION APPOINT AND HAVE GENERAL SUPERVISORY CONTROL OVER THE DIRECTOR AND THE DIVISION.
BLACKS LAW DICTIONARY DEFINES THE FOLLOWING:
 "(1) "ACTING" MEANS DOING DUTY FOR ANOTHER; OFFICIATING; HOLDING A TEMPORARY RANK OR POSITION OR PERFORMING SERVICES TEMPORARILY.
 (2) "ACTING OFFICER" IS USED TO DESIGNATE, NOT AN APPOINTED INCUMBENT, BUT MERELY A LOCUM TENENS, WHO IS PERFORMING THE DUTIES OF AN OFFICE TO WHICH HE HIMSELF DOES NOT CLAIM TITLE.
 (3) "LOCUM TENENS" IS LATIN FOR HOLDING THE PLACE. A DEPUTY, SUBSTITUTE, LIEUTENANT, OR REPRESENTATIVE.
A REVIEW HAS BEEN MADE OF THE FEW CASES WHICH CITE THESE TERMS. IT APPEARS TO THE UNDERSIGNED THAT INHERENT IN THE ACTING APPOINTMENT IS THE PERFORMANCE OF TEMPORARY SERVICES FOR ANOTHER. FURTHER, IT WOULD APPEAR THAT AN ACTING OFFICIAL SHOULD ONLY PERFORM THOSE MINISTERIAL DUTIES NECESSARY TO MAINTAIN THE STATUS QUO OF THE OFFICE FOR A REASONABLE TIME UNTIL THE OFFICIAL MAY BE PROPERLY APPOINTED.
AS MENTIONED ABOVE THE STATUTE PROVIDES THAT THE DIRECTOR OF THE AD VALOREM DIVISION SHALL BE A MEMBER OF THE AD VALOREM TASK FORCE. (68 O.S. 2946.1 (1990)). IT IS THE OPINION OF THE UNDERSIGNED THAT THE LEGISLATURE INTENDS FOR ONLY THE DULY APPOINTED AND QUALIFIED DIRECTOR TO SIT ON THE AD VALOREM TASK FORCE AS A VOTING MEMBER. THIS OFFICIAL RESPONSIBILITY WOULD APPEAR TO EXCEED THE MINISTERIAL DUTIES NEEDED TO MAINTAIN THE STATUS QUO OF THE OFFICE. HOWEVER, IT WOULD APPEAR REASONABLE THAT AN ACTING DIRECTOR, NOT FULLY QUALIFIED BY THE STATUTE, COULD ASSIST THE TASK FORCE BUT NOT BE COUNTED IN THE QUORUM NOR VOTE.
(JOHN M. CRITTENDEN)